# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Erica Heckle,** | |
| Plaintiff, | Case No. 7:21-cv-1463 |
| v. | |
| **Matrix Absence Management, Inc.,** | **Jury Trial Demanded** |
| Defendant. | |

## CLASS ACTION COMPLAINT

Erica Heckle ("Plaintiff") files this Class Action Complaint against Matrix Absence Management, Inc. ("Defendant"), and in support states the following:

### Nature of the Lawsuit

1. Defendant is a subsidiary of Tokio Marine Holdings, Inc., which is a Japanese Corporation listed on the Tokyo stock exchange.

2. Defendant is a third-party administrator of disability and leave of absence claims.

3. Defendant is a licensed third-party administrator in multiple states across the country.

4. Defendant is not an insurance company.

5. Defendant does not hold a license to write or sell insurance from any state in the country.

6. Defendant partners with its customers to administer and process disability and leave of absence claims filed by insurance plan enrollees.

7. As a third-party absence management administrator, Defendant's core functions include processing disability and leave of absence claims within contractual timeframes.

8.  Defendant employed Plaintiff and other non-management employees ("Claims Examination Employees") in New York to process disability and leave of absence claims in accordance with predetermined guidelines as part of Matrix's claims handling process.

9.  Defendant employed Plaintiff and other Claims Examination Employees to process disability and leave of absence claims under various job titles that include one of the following terms: "Claims Examiner" or "Absence Management Specialist."

10. Defendant pays Claims Examination Employees a salary.

11. Defendant's Claims Examination Employees regularly work, or worked, over 40 hours per workweek.

12. Defendant classifies Claims Examination Employees as exempt from state and federal overtime laws and does not pay them overtime when they work over 40 hours in individual workweeks.

13. Plaintiff and other Claims Examination Employees' primary job duty consists of reviewing employee disability and leave of absence claims against predetermined guidelines to determine benefit eligibility within contractual time frames ("Claims Review Work").

14. The Claims Review Work primarily performed by Plaintiff and other Claims Examination Employees is non-exempt work.

15. Because Plaintiff primarily performed non-exempt work, Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, by failing to pay her overtime when she worked over 40 hours in individual workweeks.  Plaintiff's consent to sue form is attached as Exhibit A.

16. Plaintiff also brings class action claims under New York state law under the New York Minimum Wage Act, Labor Law ("NYLL") § 650 *et seq.*, the New York Wage Payment Act, Labor Law § 190 *et seq.*, and the supporting Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 (collectively, "NYLL" or "New York Wage Law").

2

17. Plaintiff brings her NYLL law claims pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4) for Defendant's failure to pay her and other Claims Examination Employees employed in New York all earned overtime pay.

## Jurisdiction and Venue

18. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's FLSA claims arise under federal law. 29 U.S.C. § 216(b).

19. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because they arise out of the same facts as the FLSA claims.

20. Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of this suit occurred in this District.

## The Parties

21. Plaintiff worked for Defendant as a Claims Examination Employee in this Judicial District from November 2010 to November 2020.

22. Defendant is a Delaware corporation authorized to do business in New York.

23. Defendant's offices in New York are located in this judicial district at 7 Skyline Drive, Suite 275, Hawthorne, NY 10532.

## Factual Allegations

24. Plaintiff worked as Claims Examination Employee for Defendant in New York from approximately November 2010 to November 2020.

25. During her employment with Defendant, Plaintiff primarily performed Claims Review Work.

26. During her employment with Defendant, Plaintiff did not hold a bachelor's degree or any other advanced degree in any field from a college or university.

27. During her employment with Defendant, Plaintiff's job duties did not include regularly directing the work of two or more employees.

28. During her employment with Defendant, Plaintiff did not have the authority to hire, fire, suspend or otherwise discipline any of Defendant's other employees.

29. During her employment with Defendant, Plaintiff's primary job duty was not managing Defendant's business or any subdivision of Defendant's business.

30. During her employment with Defendant, Plaintiff's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

31. During her employment with Defendant, Plaintiff could not waive or deviate from Defendant's established policies or procedures in performing Claims Review Work without prior approval.

32. During her employment with Defendant, Plaintiff's job duties did not involve developing or evaluating the business policies of Defendant or Defendant's customers.

33. During her employment with Defendant, Plaintiff's job duties did not involve formulating management policies for Defendant or Defendant's customers.

34. During her employment with Defendant, Defendant required Plaintiff to perform her job duties in accordance with its corporate policies, procedures, guidelines, and guidelines embedded in Defendant's computer software.

35. During her employment with Defendant, Plaintiff's job duties did not involve creating or drafting the corporate policies, procedures, and guidelines pertaining to Claims Review Work.

36. During her employment with Defendant, Plaintiff's job duties did not involve negotiating final settlements, or setting reserves for claims.

37. During her employment with Defendant, Plaintiff's job duties did not involve planning the short-term or long-term business objectives of Defendant or Defendant's customers.

38. Defendant suffered or permitted Plaintiff to work over 40 hours in one or more individual workweeks during the last three years.

39. During her employment with Defendant, Plaintiff worked over 40 hours in one or more individual workweeks during the last three (3) years.

40. During her employment with Defendant, Plaintiff regularly began her workday at 7:30 a.m. Monday through Friday. Plaintiff would then typically work until 5:30 or 6:00 pm. Plaintiff would then typically take a break at 5:30 or 6:00 pm for approximately one hour, and then return back to work until 10:30 to 11:00 pm. Plaintiff accordingly estimates that on a weekly basis, she typically worked approximately 13-14 hours of overtime between Monday and Friday during her employment with Defendant.

41. Plaintiff additionally recalls working an average of approximately 4-6 hours per weekend during her employment.

42. Plaintiff did not take breaks for lunch and instead ate while performing Claims Examination Work or other work for Defendant.

43. For most workweeks during her employment, Plaintiff recalls regularly working at least 65 hours per workweek for Defendant.

44. Specifically, Plaintiff recalls working at least 65 hours during the workweek of November 10, 2020 to November 16, 2020.

45. Defendant classified Plaintiff as exempt from the overtime provisions of the FLSA and NYLL.

46. Defendant paid Plaintiff a salary.

47. When Plaintiff worked over 40 hours in individual workweeks, Defendant did not pay Plaintiff overtime at one and one-half times her regular rate of pay.

48. During her employment, Defendant never issued Plaintiff an accurate wage statement.

49. Specifically, during her employment, Defendant did not list the number of hours Plaintiff worked on her paystubs.

50. During her employment, Plaintiff was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

51. During her employment, Defendant was Plaintiff's "employer" as defined under the FLSA in § 203(d).

52. Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

53. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

54. Defendant has made more than $500,000 in sales made or business done in each of the last three calendar years.

55. During her employment, Plaintiff was an "employee" of Defendant as defined by the NYLL § 196.1(b).

56. During her employment, Defendant was Plaintiff's "employer" as defined by in 12 N.Y.C.R.R. 142-2.14(a).

57. Of Defendant's employees who performed the same primary job duties as Plaintiff in the last three years, Defendant classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

58. Of Defendant's employees classified as exempt and who performed the same primary duties as Plaintiff in the last three years, some or all worked over 40 hours in one or more individual workweeks.

59. Defendant maintained one or more common job descriptions for Claims Examination Employees.

## New York Class Action Allegations

60. Plaintiff seeks class certification under Fed. R. 23 of the following state law sub-class:

**All individuals employed by Defendant in New York as Claims Examination Employees in the past six (6) years who were paid a salary and were classified as exempt from overtime (the "Class").**

61. The Class has more than 40 members.

62. As a result, the Class is so numerous that joinder of all members is not practical.

63. There are questions of law or fact common to the Class, including (1) whether the Class primarily performed non-exempt work; (2) whether Defendant violated the NYLL by refusing to pay the Class overtime pay; and (3) the proper measure of damages if Defendant misclassified the Class as exempt from the overtime provisions of the NYLL.

64. Plaintiff's overtime claims are typical of those of the Class because they arise out of Defendant's uniform compensation practices.

65. Defendant's defenses to Plaintiff's NYLL claims are typical of its defenses to those of the Class because they are grounded in the same compensation practices.

66. Plaintiff can fairly and adequately protect the interests of the Class because she is asserting the same claims as the Class.

67. Plaintiff can fairly and adequately protect the interests of the Class because she has no interests adverse to the Class.

68. Plaintiff can fairly and adequately protect the interests of the Class because she has retained counsel experienced in class action employment litigation.

69. The common questions of law and fact predominate over the variations which may exist between members of the Class, if any.

70. Plaintiff and the members of the Class on the one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, penalties, attorneys' fees and costs.

71. If individual actions were required to be brought by each member of the Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as to the Defendant.

72. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

73. The books and records of Defendant are material to the Class's claims because they disclose the hours worked by each member of the Class and the rate of pay for that work.

## COUNT I
### Violation of the Fair Labor Standards Act

74. Plaintiff incorporates here the previous allegations of this Complaint.

75. Although Plaintiff was classified as exempt by Defendant, Plaintiff was not exempt from the overtime provisions of the FLSA.

76. Plaintiff was suffered or permitted by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

77. Defendant paid Plaintiff a salary and no overtime compensation.

78. Defendant violated the FLSA by failing to pay overtime to Plaintiff at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

79. Defendant's failure to pay Plaintiff one and one-half times her regular rate for all time worked over 40 hours in a workweek was willful.

WHEREFORE, Plaintiff seeks a judgment against Defendant as follows:

A.  All unpaid overtime wages due to Plaintiff;

B.  Pre-judgment and post-judgment interest;

C.    Liquidated damages equal to the unpaid overtime compensation due;

D.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

E.    Such other relief as the Court deems appropriate.

## COUNT II
**Violation of New York Wage Law – Failure to Pay Overtime**
**(Class Action)**

80.    Plaintiff incorporates here the previous allegations of this Complaint.

81.    This count arises from Defendant's violations of the New York Wage Law by failing to pay overtime to Plaintiff and the Class when they worked over 40 hours in individual workweeks.

82.    Defendant classified Plaintiff as exempt from the overtime provisions of the New York Wage Law.

83.    Defendant classified the Class as exempt from the overtime provisions of the New York Wage Law.

84.    Plaintiff was not exempt from the overtime provisions of the New York Wage Law.

85.    The Class was not exempt from the overtime provisions of the New York Wage Law.

86.    Plaintiff and the Class were regularly suffered or permitted to work by Defendant, and did work, over 40 hours in individual workweeks.

87.    Defendant violated the New York Wage Law by failing to pay Plaintiff and the Class overtime at one and one-half times their regular rates of pay when they worked over 40 hours in individual workweeks.

88.    As a result, Defendant is indebted to Plaintiff and the Class in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

WHEREFORE, Plaintiff, individually and on behalf of the Class, seek a judgment against Defendant as follows:

A. All unpaid overtime wages due to Plaintiff and the Class;

B. Pre-judgment and post-judgment interest;

C. Liquidated damages equal to the unpaid overtime compensation due;

D. Appropriate equitable, declaratory, and injunctive relief to remedy violations, including not necessarily limited to, an order enjoining Defendant from continuing its unlawful practices;

E. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

F. Such other relief as the Court deems appropriate.

## COUNT III
### Violation of the New York Labor Law – Failure to Provide Wage Statements
### (Class Action)

89. Plaintiff incorporates here the previous allegations of this Complaint.

90. Defendant failed to provide Plaintiff and members of the Class with accurate statements of wages as required by New York Wage Theft Prevention Act, NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any; and net wages. NYLL § 195(3).

91. Because of Defendant's violations of NYLL § 195(3), for each workweek that Defendant failed to provide a proper wage statement from February 17, 2015 through the present, Plaintiff and members of the NYLL Class are each entitled to damages of $250 per workday that the

10

violations occurred or continue to occur, or a total of $5,000 per Class Member, as well as injunctive and declaratory relief and reasonable attorneys' fees and costs. NYLL § 198(1-d).

**WHEREFORE,** Plaintiff, on behalf of herself and the NYLL Class, seeks the following relief:

A. Statutory damages, as provided for by NYLL § 198, for Defendant's failure to provide accurate wage statements;

B. Appropriate equitable, declaratory, and injunctive relief to remedy violations, including but not necessarily limited to, an order enjoining Defendant from continuing its unlawful practices;

C. Pre-judgment and post-judgment interest;

D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

E. Such other relief the Court deems appropriate.

**Jury Demand**

Plaintiff demands a trial by jury.

Dated: February 18, 2021                                Respectfully submitted,

                                                    */s/Hillary D. LeBeau*
                                                Molly A. Elkin*
                                                Hillary D. LeBeau
                                                MCGILLIVARY STEELE ELKIN LLP
                                                1101 Vermont Ave., N.W., Suite 1000
                                                Washington, DC  20005
                                                Tel.: (202) 833-8855
                                                Fax: (202) 452-1090
                                                mae@mselaborlaw.com
                                                hdl@mselaborlaw.com

JACK SIEGEL*
Texas Bar No. 24070621
STACY THOMSEN*
California Bar No. 274282
**SIEGEL LAW GROUP PLLC**
4925 Greenville, Suite 600
Dallas, Texas 75206
P: (214) 790-4454
jack@siegellawgroup.biz
stacy@siegellawgroup.biz

TRAVIS M. HEDGPETH*
Texas Bar No. 24074386
THE HEDGPETH LAW FIRM, PC
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
Telephone: (281) 572-0727
Facsimile: (281) 572-0728
travis@hedgpethlaw.com


*Application for Admission
pro hac vice forthcoming