# Exhibit 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Erica Heckle,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Matrix Absence Management, Inc.,<br><br>　　　　Defendant. | Case No.  7:21-cv-1463 VB |

## DECLARATION OF MOLLY A. ELKIN

I, Molly A. Elkin, do hereby declare under penalty of perjury, that the following representations contained in this Declaration are true and correct to the best of my personal knowledge:

1. I am a named partner in the law firm McGillivary Steele Elkin LLP, and I serve as co-lead counsel for Plaintiff in this action. I also serve as Class Counsel. *See* Dkt. 72.

2. The attorneys at McGillivary Steele Elkin LLP have extensive experience representing employees and unions, and we specialize in wage and hour cases. A detailed description of my qualifications and experience are set forth more fully in my March 22, 2022, Declaration (Dkt. 44).

3. A detailed description of the qualifications and experience of my co-Class Counsel Travis Hedgpeth and Jack Siegel are set forth in their March 21, 2022, Declarations (Dkts. 43, 45).

4. The Parties participated in an in-person mediation on April 27, 2023. With the help of an experienced mediator, at the conclusion of the mediation session, the Parties reached an agreement to resolve all claims set forth in the litigation on behalf of Plaintiff and the Class. Specifically, the mediation concluded with both Parties signing a Term Sheet containing the

principal terms of the settlement agreement. The terms set forth in the Term Sheet were later reduced to a written Settlement Agreement, executed by the Parties on June 16, 2023.

5. Both sides attended the in-person April 2023 mediation with full authorization to approve a settlement agreement.

6. The Parties' settlement negotiations were principled, with each side basing their offers and counteroffers on Defendant's own payroll data, and on estimates by Class Representative Heckle of the number of hours of unpaid overtime worked, on average, each week. The negotiations were also based on the Parties' respective assessments of the law and the facts, and their individual assessment of litigation risks.

7. Plaintiff faces substantial risk to a full recovery on behalf of herself and the Class assuming Defendant is found liable because it cannot prove entitlement to the administrative exemption defense. For example, a jury could find that Plaintiff and TCEs worked fewer overtime hours per day, or that no additional damages are owed for any derivative wage statement violations under NYLL § 195. Thus, the settlement achieves substantial results on behalf of Plaintiff and the Class.

8. Plaintiff has recovered a significant sum on behalf of herself and the entire Class. Specifically, although as set forth above, no mathematical calculation is required to demonstrate reasonableness, the settlement represents approximately 38% of what Plaintiff and the Class could recover at trial on what would likely be their best day. This percentage is calculated by comparing what Plaintiff and the Class recovered to what they potentially, on their best day, could have recovered if the jury found that the administrative exemption does not apply, and awarded each Class Member **two hours of overtime pay for every day worked since February 15, 2015**, a

full award of damages for wage statement violations under NYLL § 195, and the Court awarded liquidated damages equal to the backpay.

9. Based on litigation risk, a potential outcome, which would still be a victory for Plaintiff and the Class, would be damages based on 30 minutes of overtime pay per day, without any additional liquidated damages or wage statement damages. On a class-wide basis, this scenario yields a recovery of $1,534,629.00; the instant settlement exceeds this amount by more than 2.7 times.

10. Class Representative Heckle diligently and vigorously served the Class from the inception of this litigation through its resolution by, *inter alia*, providing Class Counsel with declarations, documents, and information related to and supporting the Class claims, reviewing the complaint, explaining TCE's job duties, and explaining Defendant's pay practices and compensation policies. Additionally, Class Representative Heckle had to use multiple days of leave from her current job to assist in prosecuting this case on behalf of the Class. She spent many hours in interviews with Class Counsel, preparing for and sitting for a deposition, and preparing for and participating in two mediations—a remote one in 2021, and the full day in-person mediation on April 27, 2023.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my personal knowledge.

Dated: June 16, 2023                                         */s/ Molly A. Elkin*
                                                             Molly A. Elkin