# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERICA HECKLE,  ) Case No.: 7:21-cv-01463
   Plaintiff,  )
 v.  ) **DECLARATION OF JENNIFER MILLS FOR RUST CONSULTING, INC**.
MATRIX ABSENCE MANAGEMENT, INC.,  )
   Defendant  )

I, Jennifer Mills, declare as follows:

 1. I am a Program Manager for Rust Consulting, Inc. ("Rust"). My business address is 920 2nd Ave S, Suite 400, Minneapolis, Minnesota 55402. My telephone number is (612) 359-2025. I am over twenty-one years of age and am authorized to make this declaration on behalf of Rust and myself.

 2. Rust has extensive experience in class action matters, having provided services in class action settlements involving antitrust, securities fraud, property damage, employment discrimination, employment wage and hour, product liability, insurance and consumer issues. We have provided notification and/or claims administration services in more than 7,500 cases. Of these, approximately 3,300 were Labor & Employment cases.

 3. Rust was engaged by Counsel for the Plaintiffs and Counsel for the Defendant (collectively the "Parties") to provide notification services in *Heckle v. Matrix Absence*

*Management, Inc.* Settlement of Class Action ("Settlement"). Duties include: a) preparing, printing and mailing of the *Notice of Overtime Pay Class Action Settlement* ("Class Notice"); b) tracking of Opt Out Statements, disputes, and objections; and c) opening and managing a Qualified Settlement Fund ("QSF")"); d) drafting and mailing Settlement Payment checks and related tax forms; and d) for such other tasks as the Parties mutually agree or the Court orders Rust to perform.

4.  Rust obtained a mailing address of Heckle v Matrix Absence Management, Inc. Claims Administrator, c/o Rust Consulting, Inc. - 8342, P.O. Box 2396, Faribault, MN 55021-9096, to receive Opt Out Statements, objections, undeliverable Class Notices and other communications regarding the Settlement.

5.  Rust obtained a toll-free telephone number of (800) 427-5290 for Class Members to call with questions regarding the Settlement. The toll-free telephone number was included in the Class Notice.

6.  On or about June 29, 2023, Rust received the Court-approved text for the Class Notice from Counsel.  A draft of the formatted Class Notice, was prepared by Rust and approved by the Parties.  Attached as Exhibit A is a copy of the final Class Notice.

7.  On or about June 29, 2023, Counsel for the Defendant provided Rust with a mailing list containing Class Members' names, last known addresses, Social Security Numbers and applicable employment information ("Class List").  The Class List contained data for 200 potential Class Members.

8.  The mailing addresses contained in the Class List were processed and updated utilizing the National Change of Address Database ("NCOA") maintained by the U.S. Postal Service.  The NCOA contains requested changes of address filed with the U.S. Postal Service.  In the event that any individual had filed a U.S. Postal Service change of address request, the address listed with the NCOA would be utilized in connection with the mailing of the Class Notice.

9.  On July 19, 2023, Class Notices were mailed to 200 Class Members contained in the Class List via First Class mail.  The Class Notice advised Class Members that they could submit an Opt Out Statement, objection and/or dispute postmarked by September 5, 2023.  The Class Notice advised each of the 200 Class Members of the amounts that they would be receiving

1  under the Settlement, the amount allocated to a Service Award to the Class Representative, as well
2  as the amounts allocated to attorneys' fees, litigation expenses, and settlement administration
3  costs.
4        10.    Rust performed five (5) address traces on Class Notices returned as undeliverable
5  for the first time as of September 5, 2023.  The address trace utilizes the Class Member's name,
6  previous address and Social Security Number for locating a current address.  Of the five (5) traces
7  performed, five (5) more current addresses were obtained and Class Notices were promptly re-
8  mailed to those Class Members via First Class mail.  Of the five (5) Class Notices mailed to a
9  more current address identified from trace, zero (0) Class Notices were returned to Rust as
10 undeliverable a second time.  As of this date, zero (0) Class Notices remain undeliverable.
11       11.    As of this date, two (2) Class Notices were returned by the Post Office with
12 forwarding addresses attached as of September 5, 2023.  Rust promptly re-mailed Class Notices to
13 those Class Members via First Class mail.
14       12.    As of this date, Rust received six (6) requests to re-mail the Class Notice which
15 were promptly re-mailed via First Class mail.
16       13.    As of this date, one (1) self-identifying Class Member, who was not included in the
17 Class List, has contacted Rust to request inclusion in the Settlement Class ("self-ids").  Two
18 additional self-ids reported directly to Class Counsel. Counsel have agreed to add the three self-ids
19 to the Class, increasing the Class list to 203 and increasing the Net Settlement Fund by
20 $31,178.56, which will be deposited by Defendant into the QSF at the same time that it funds the
21 QSF so that Rust can send checks to these three individuals when it distributes the Net Settlement
22 Fund to the other 200 Class Members. Class Counsel informed Rust that each of these three self-
23 ids have been provided with the Notice directly from Class Counsel and have no objections and do
24 not wish to exclude themselves.
25       14.    As of this date, zero (0) Class Members disputed the employment information
26 provided by the Defendant or their allocation of the Net Settlement Fund which was based on such
27 information.
28       15.    As of this date, Rust received zero (0) Opt Out Statements.

DECLARATION OF JENNIFER MILLS FOR RUST CONSULTING, INC.

1  16. As of this date, Rust received zero (0) objections.

2  17. The total cost for the administration of this Settlement, including fees incurred and
3  future costs for completion of the administration is $9,600.00.

4  I declare under penalty of perjury that the above is true and correct to the best of my
5  knowledge and that this Declaration was executed this 6th day of October 2023, at Minneapolis,
6  MN.

_____
JENNIFER MILLS

# Exhibit A

HECKLE V MATRIX ABSENCE MANAGEMENT, INC. CLAIMS ADMINISTRATOR
C/O RUST CONSULTING INC - 8342
P.O. BOX 2396
FARIBAULT, MN 55021-9096

**IMPORTANT LEGAL MATERIALS**  Claimant ID #: <<barcode39>>

|||||BARCODE39||||| - UAA <<SequenceNo>>

<<Name1>>
<<Name2>>
<<Name3>>
<<Name4>>
<<Address1>>
<<Address2>>
<<Address3>>
<<City>> <<State>> <<Zip10>>
<<CountryName>>

<<XREF>>
<<XREF2 >>

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ERICA HECKLE,

    Plaintiff,

v.                                            Case No. 7:21-cv-01463

MATRIX ABSENCE MANAGEMENT, INC.,

    Defendant.

### NOTICE OF OVERTIME PAY CLASS ACTION SETTLEMENT

**You are entitled to a payment from a class action lawsuit.**
*A federal court has authorized this notice. This is not a solicitation from a lawyer.*

The purpose of this Notice is to: (1) inform you about a Settlement in a Class Action lawsuit ("Lawsuit") under the New York Labor Law (NYLL) against Matrix Absence Management, Inc., ("Matrix" or "Defendant") in which you are a Class Member; (2) provide you with information on your share of the settlement monies; and (3) advise you of how your rights may be affected by this Settlement.

Your rights and options – and the deadlines to exercise them – are explained in this Notice. The Court in charge of this case must decide whether to approve the settlement. Payments will be made if the Court approves the settlement. Please be patient.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT ||
|---|---|
| **DO NOTHING** | If you do nothing, you will receive your share of the settlement monies described in this Notice and you will release any and all federal and state law wage and hour claims you may have against Matrix up through June 27, 2023. |
| **OPT OUT** | If you opt out by submitting an Opt Out Statement, you will not be part of the Lawsuit and you will not receive any settlement monies. If you opt out, you will not be subject to the release described in Section 7 below. |
| **OBJECT** | You can object to the settlement by following the procedures set forth in Section 9 below. If the Court rejects your objection, you will be bound by the terms of the settlement and will be provided your share of the settlement. If you object, you may appear at the Fairness Hearing to speak to the Court about the fairness of the settlement. |

## BASIC INFORMATION

| 1. | Why did I get this notice? |

You have been identified by Matrix as a Class Member. You are receiving this Notice because Matrix's records show that you have worked as a Claims Examiner ("CE") assigned to the Hawthorne, New York office (in person or remotely) at any time since February 18, 2015. The Court ordered that you be sent this Notice and has authorized its contents. The Class includes all current and former Matrix employees since February 18, 2015, in positions titled Claims Examiner-STD, Claims Examiner-LOA, Claims Examiner-AMS at the Level 1, Level 2 and/or Senior Level who are/were classified by Matrix as exempt from overtime pay ("Covered Positions"). The Court ordered that you be sent this Notice because you have a right to know about a proposed settlement of this case, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections are heard, payments will be mailed to you by the Settlement Administrator mailing this Notice. There are 200 Class Members, including you. This Lawsuit is known as *Heckle v. Matrix Absence Management, Inc.*, Case No. 7:21-cv-01463 (S.D.N.Y.).

| 2. | What is this Lawsuit about? |

This Lawsuit is about whether Matrix was required to pay Plaintiff and Class Members overtime pay and failed to do so. A Claims Examiner formerly employed by Matrix filed the Lawsuit in the U.S. District Court for the Southern District of New York on behalf of herself and all other individuals in the Covered Positions who have reported to the Hawthorne, New York office (either in person or remotely) at any time since February 18, 2015. Specifically, the Plaintiff alleges that Matrix violated the NYLL by failing to pay her and all other individuals in the Covered Positions overtime compensation, by failing to provide proper wage statements as a result of the failure to pay overtime, and by improperly misclassifying her and other individuals in the Covered Positions as exempt from the overtime requirements of the NYLL. Matrix denies the allegations in the Lawsuit and denies that it violated the law.

| 3. | Why is this a class action? |

In a class action, one or more people called "Class Representatives" sue on behalf of people who have similar claims. The people together are a "Class" or "Class Members."

| 4. | Why is there a Settlement? |

The Court certified this lawsuit as a class action on December 14, 2022. Thereafter, the parties entered settlement negotiations and reached a settlement agreement with the assistance of an experienced mediator. The Court has not issued a final judgment in favor of Plaintiff or Defendant. Rather, to avoid the burden, expense, inconvenience, and uncertainty of continued litigation, the parties have concluded that it is in their best interests to resolve and settle the action by entering into a settlement agreement. Accordingly, the Plaintiff who filed the Lawsuit and Matrix have reached a settlement agreement subject to final approval by the Court. Both sides believe they would have prevailed in the case, but there was no final decision ruling in favor of either party. Instead, both sides agreed to a settlement.

## WHO IS INCLUDED IN THE SETTLEMENT

| 5. | How do I know if I am part of the settlement? |

Unless you affirmatively opt out, you are covered by the settlement.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | What does the settlement provide? |

Matrix has agreed to pay $4,250,000.00 to resolve the entire case. This amount will be allocated as follows: $2,784,815.86 will be paid to the Class Members ("Net Settlement Fund"); $15,000.00 will be allocated as a Service Award to the Plaintiff who brought the Lawsuit and who served as the Class Representative; $1,416,666.67 will be paid as attorneys' fees; $23,917.47 will be paid as litigation expenses; and $9,600.00 will be paid to the third party Claims Administrator for expenses associated with administering the Settlement.

Because it is impossible to know which claims would have been successful, how much, if any, unpaid overtime would have been awarded each week on a class-wide basis, and/or whether a full compensatory award of liquidated damages would have been owed, the settlement payment amounts are based on each Class Member's number of weeks of employment in a Covered Position. Each Class Member was credited with 1 point for each week he/she worked in a Covered Position from February 18, 2015, to April 27, 2023. The total number of points were then divided into the Net Settlement Fund to determine the value of a point. The Settlement Payment to each Class Member is his/her number of points multiplied by

the value of a point. The approximate value of a point is $71.84. You have a total of <<WorkWeeks>> points. Accordingly, your approximate share of the Net Settlement Fund is $<<EstimatedAward>>. Fifty percent (50%) of your Settlement Payment will constitute backpay, and fifty percent (50%) will constitute liquidated damages. The amounts are approximate in that if any Class Member presents a valid and timely dispute regarding the number of weeks worked in a Covered Position, the value of a point will decrease, and, as a result, each Class Member's Settlement Payments will be adjusted accordingly. Only timely disputes with supporting documentation, namely pay stubs showing your title and dates of employment, will be considered. To be timely, a dispute must be postmarked by the September 5, 2023 and sent to the Settlement Administrator at the address set forth in Paragraph 9 below.

The settlement monies allocated as backpay will be reported to the IRS for tax purposes on a W-2 form, while the remaining monies will be reported to the IRS for tax purposes on a 1099-MISC form. Neither Class Counsel nor Defendant make any representations concerning tax consequences of this settlement, and you are advised to seek your own personal tax advice prior to acting in response to this Notice.

The Class Representative and Class Counsel determined that the settlement allocations were fair after considering a number of factors including, litigation risk with respect to Defendant's exemption defenses, litigation risks at trial and on appeal, the uncertainty regarding proving the number of hours of unpaid overtime work at issue, and risks related to proving that Plaintiff and Class members were suffered or permitted to work overtime given the remote nature of many Class Members' work.

| 7. | What am I giving up? |
|---|---|

If you do not affirmatively opt out of the settlement, and the Court grants final approval of the settlement, your claim will be dismissed with prejudice and you will fully release and discharge Defendant through June 27, 2023, from all federal and state law wage and hour claims asserted, or which could have been asserted, in the Complaint. This means that you cannot sue, continue to sue, or be party to any other lawsuit against Defendant regarding the state or federal wage and hour claims brought in this case. The Settlement Release provides that Class Members will be releasing all Released Claims which are defined as follows:

> "Released Claims" means any and all past and present matters, disputes, claims, demands, rights, liabilities, expenses, damages, losses of any kind, and causes of action, whether at common law, pursuant to statute, ordinance or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which any Class Member who does not opt out has or might have, of any kind whatsoever, that relate to payment of wages by Defendant for hours worked through June 27, 2023, except to the extent that any such claim may not be waived as a matter of law. The Released Claims specifically include without limitation: (i) any and all claims asserted in the Litigation; (ii) any and all claims against Defendant for unpaid wages, minimum wages, overtime, late payment of wages, damages or relief of any kind including but not limited to the FLSA, NYLL, or any other statutes and/or regulations regulating hours of work, wages, the payment of wages, retaliation, wage-related or recordkeeping-related claims, the payment of minimum wages, and/or the payment of overtime compensation (including liquidated damages, penalties, interest, costs, attorneys' fees, and expenses of the settlement administrator); and (iii) any and all claims pursuant to or derived from the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 100 *et seq.*, to the extent such ERISA claims are premised on an alleged failure to credit any Class Member's account and/or benefits for all hours worked or all compensation paid or entitled to be paid, but excluding any potential ERISA claim that is not based on an alleged wage and hour violation. The settlements, compromises, releases, and discharges described in the foregoing shall extend to any such claims that arose at any time up to and including June 27, 2023. The Released Claims do not include claims of employment discrimination, civil rights violations, or other claims related to employment but not related to the payment of minimum and overtime wages including without limitation Title VII, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Family Medical Leave Act, or ERISA (except as otherwise stated herein) or other similar state and local law, statutes, and regulations. The Parties stipulate and agree for purposes of this Agreement only that the Court has jurisdiction over all applicable state and local law claims pursuant to 28 U.S.C. § 1332(d).

| 8. | Do I have a lawyer in this case? |
|---|---|

The Court has decided that the Plaintiff's lawyers (Molly Elkin of McGillivary Steele Elkin LLP, Travis Hedgpeth of The Hedgpeth Law Firm, PC, and Jack Siegel of Siegel Law Group, PLLC) are qualified to represent you and the Class. These lawyers are called "Class Counsel." You will not pay any amount from your recovery for these lawyers. You do not need to retain your own attorney to be able to participate. The lawyers will be compensated in accordance with Section 6 above.

## OBJECTING TO THE SETTLEMENT

**9. How do I tell the Court if I don't like the settlement?**

To object to the Settlement, a Class Member must file with the U.S. District Court for the Southern District of New York a written objection to the Settlement, and, if the Class Member intends to appear at the Fairness Hearing , a written notice of their intention to appear, with copies to the Settlement Administrator at the address listed below, postmarked no later than September 5, 2023. The statement submitted ("Objection Statement") must set forth in clear and concise terms the legal and factual arguments supporting the objection. Any reasons not included in the Objection Statement will not be considered. The Objection Statement must also include the name, address, email, and telephone number for the individual making the objection.

Heckle v Matrix Absence Management, Inc. Claims Administrator
c/o Rust Consulting Inc. – 8342
P.O. Box 2396
Faribault, MN 55021-9096

## OPTING OUT OF THE SETTLMENT

**10. How do I opt out of the settlement?**

If a Class Member intends to opt out of the Settlement, he or she must mail a written, personally signed statement ("Opt Out Statement") to the Settlement Administrator that states: "I request to be excluded from the settlement in Heckle v. Matrix Absence Management, Inc., Case No. 7:21-cv-1463 VB (U.S.D.C. Southern District of New York). I affirm that I was employed by Defendant as an exempt employee in one of the positions identified in the Notice as being a Class Member and paid on a salary basis at some point in time from February 18, 2015, through April 27, 2023." The Class Member must also include his or her name, address, and telephone number(s). To be effective, the Opt Out Statement must be mailed to the Settlement Administrator via First Class U.S. Mail at the address listed in Paragraph 9 above, postage prepaid and postmarked by September 5, 2023.

## THE COURT'S FAIRNESS HEARING

**11. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing on October 19, 2023 at the United States District Court for the Southern District of New York, Federal Building and United States Courthouse 300 Quarropas St., White Plains, NY 10601-4150 in Courtroom 620. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**12. Do I have to come to the hearing?**

No. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**13. May I speak at the hearing?**

If you file a timely Objection Statement, you may ask the Court for permission to speak at the Fairness Hearing. You must include the words "I intend to appear at the Fairness Hearing" in your Objection Statement, which must be filed according to the procedure described in Section 9 above. Your testimony at the Fairness Hearing will be limited to those reasons that are included in your written objection. You cannot speak at the hearing if you exclude yourself from the settlement.

## GETTING MORE INFORMATION

**14. Are there more details about the settlement?**

This Notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by sending a request, in writing, to the Settlement Administrator at the address set forth in Section 9. If you have other questions about the settlement, you can contact the Settlement Administrator at the address above or at the phone number below.

DATED:        <u>JULY 19, 2023</u>