UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Erica Heckle,<br><br>    Plaintiff,<br><br>v.<br><br>Matrix Absence Management, Inc.,<br><br>    Defendant. | Case No.  7:21-cv-1463 VB |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR UNOPPOSED
MOTION FOR APPROVAL OF ATTORNEYS' FEES AND EXPENSES**

Molly A. Elkin
Sarah M. Block
MCGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., N.W., Suite 1000
Washington, DC  20005
Tel.: (202) 833-8855
Fax: (202) 452-1090
mae@mselaborlaw.com
smb@mselaborlaw.com

Jack Siegel
SIEGEL LAW GROUP PLLC
5706 E Mockingbird Lane, Suite 115
Dallas, Texas 75206
Tel.: (214) 790-4454
jack@siegellawgroup.biz

Travis M. Hedgpeth
THE HEDGPETH LAW FIRM, PC
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
Tele.: (281) 572-0727
travis@hedgpethlaw.com

*Counsel for Plaintiff and the Class*

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................. 1

II. CLASS COUNSEL ARE ENTITLED TO A REASONABLE FEE EQUAL TO ONE-THIRD OF THE SETTLEMENT FUND ................................................................. 2

    A. The Trend in the Second Circuit is to Apply the Percentage of the Fund Method in Awarding Attorneys' Fees in Common Fund Cases ........................................... 2

    B. The Six *Goldberger* Factors Support an Attorneys' Fee Award of One-Third of the Settlement Fund ................................................................................................ 3

        1. *The Time and Labor Expended by Counsel* ................................................. 4

        2. *The Magnitude and Complexities of the Litigation* ..................................... 5

        3. *The Risk of the Litigation* ............................................................................ 5

        4. *The Quality of Representation* ..................................................................... 7

        5. *The Requested Fee in Relation to the Settlement* ....................................... 7

        6. *Public Policy Considerations* ....................................................................... 8

III. A LODESTAR CROSS-CHECK FURTHER SUPPORTS THE REQUESTED ATTORNEYS' FEE ................................................................................................. 9

IV. CLASS COUNSEL IS ENTITLED TO REIMBURSEMENT OF EXPENSES ........... 10

V. CONCLUSION ...................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Cases**

*Aponte v. Comprehensive Health Mgmt., Inc.,* 2013 WL 1364147 (S.D.N.Y. Apr. 2, 2013) ...... 3

*Beckman v. KeyBank, N.A.,* 293 F.R.D. 467 (S.D.N.Y. 2013) ............................................ passim

*Bryant v. Potbelly Sandwich Works, LLC*, 2019 WL 1915298 (S.D.N.Y. 2020).................... 9, 10

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir.1974)...................................................... 6

*Davenport v. Elite Model Mgmt. Corp.,* 2014 WL 12756756 (S.D.N.Y. May 12, 2024) .. 3, 8, 11

*Fogarazzo v. Lehman Bros., Inc.,* 2011 WL 671745 (S.D.N.Y. Feb. 23, 2011) .......................... 8

*Gilliam v. Addicts Rehab. Ctr. Fund*, 2008 WL 782596 (S.D.N.Y. Mar. 24, 2008) .................... 3

*Goldberger v. Integrated Resources, Inc.,* 209 F.3d 43 (2d Cir. 2000)............................ 4, 6, 8, 9

*Henry v. Little Mint, Inc.,* 2014 WL 2199427 (S.D.N.Y. May 23, 2014)............................... 9, 10

*Hernandez v. Merrill Lynch & Co., Inc*., 2013 WL 1209563 (S.D.N.Y. Mar. 21, 2013)............. 8

*In re Giant Interactive Grp., Inc. Sec. Litig*., 279 F.R.D. 151 (S.D.N.Y. 2011) ......................... 6

*In re Lloyd's Am. Trust Fund Litig.,* 2002 WL 31663577 (S.D.N.Y. Nov. 26, 2002) ............... 10

*In re Nissan Radiator/Transmission Cooler Litig.,* 2013 WL 4080946 (S.D.N.Y. May 30, 2013) ................................................................................................................................ 6, 8

*In re Prudential Sec. Inc. Ltd. P'ship Litig.,* 912 F. Supp. 97 (S.D.N.Y. 1996).......................... 5

*Johnson v. Brennan*, 2011 WL 4357376 (S.D.N.Y. Sept. 16, 2011)................................... 3, 6, 7

*Maley v. Del Global Tech. Corp.,* 186 F. Supp. 2d 358 (S.D.N.Y. 2002)................................. 10

*Manley v. Midan Rest. Inc.,* 2017 WL 1155916 (S.D.N.Y. Mar. 27, 2017)............................... 5

*Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423 (2d Cir. 2007) ................................. 8

*McDaniel v. Cty. of Schenectady,* 595 F.3d 411 (2d Cir. 2010) .................................................. 2

*Missouri v. Jenkins*, 491 U.S. 274 (1989)................................................................................. 11

*Mitland Raleigh-Durham v. Myers,* 840 F. Supp. 235 (S.D.N.Y. 1993)................................... 11

*Mohney v. Shelly's Prime Steak, Stone Crab & Oyster Bar,* 2009 WL 5851465 (S.D.N.Y. Mar. 31, 2009) .................................................................................................................. 3, 8

*Puglisi v. TD Bank, N.A.,* 2015 WL 4608655 (E.D.N.Y. Jul. 30, 2015) ....................................... 8

*Reyes v. Altamarea Grp., LLC,* 2011 WL 4599822 (S.D.N.Y. Aug. 16, 2011) ........................... 4

*Sanchez v. Kambousi Rest. Partners, LLC*, 2016 WL 11717104 (S.D.N.Y. Sept. 14, 2016) ....... 9

*Sand v. Greenberg*, 2010 WL 69359 (S.D.N.Y. Jan. 7, 2010) ...................................................... 2

*Siler v. Landry's Seafood House-North Carolina, Inc.,* 2014 WL 294576 (S.D.N.Y. Jun. 30, 2014) ........................................................................................................................... 5

*Solis v. OrthoNet LLC,* 2021 WL 2678651 (S.D.N.Y. Jun. 30, 2021) ..................................... 8, 9

*Taft v. Ackermans*, 2007 WL 414493 (S.D.N.Y. Jan. 31, 2007) ................................................... 6

*Tiro v. Pub. House Invs., LLC*, 2013 WL 4830949 (S.D.N.Y. Sept. 10, 2013) .................. 7, 8, 10

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96 (2d Cir. 2005) ....................................... 2

**Statutes**

29 U.S.C. § 216(b) .................................................................................................... 1, 5, 10

Both the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL) require an award of reasonable attorneys' fees and costs to successful plaintiffs. 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198, 663(1). Pursuant to Fed. R. Civ. P. Rule 23(h) and Rule 54(d)(2), McGillivary Steele Elkin LLP, the Hedgpeth Law Firm, PC, and the Siegel Law Group PLLC (collectively, "Class Counsel"), respectfully move the Court for an award of attorneys' fees and expenses in the amount of $1,416,666.67, which is equal to one-third of the settlement fund, and $23,917.47 in expenses, as set forth in the parties' Settlement Agreement. Dkt. 78-1, ¶¶ 11.2, 11.4. As discussed below, the fees requested pursuant to the Settlement Agreement are reasonable and in line with other common fund fee awards in the Second Circuit. Similarly, the expenses sought were necessarily incurred in the prosecution of this litigation. Accordingly, Plaintiff and the Class request that this Court grant this Motion as part of its Order granting final approval of the Settlement Agreement.

## I.       INTRODUCTION

In the Settlement Agreement, Defendant agreed to pay $1,416,666.67 to Class Counsel for reasonable attorneys' fees and $23,917.47 in expenses. Dkt. 78-1, ¶¶ 11.2, 11.4.  On December 14, 2022, this Court certified a Class pursuant to the New York Labor Law comprising Telephone Claims Examiners (TCEs) assigned to Defendant's Hawthorne, NY office (either in person or remotely) at any time since February 18, 2015. Dkt. 82. The Court also appointed McGillivary Steele Elkin LLP, the Hedgpeth Law Firm, PC, and the Siegel Law Group PLLC as Class Counsel. *Id.* Thereafter, the Parties participated in an in-person mediation on April 27, 2023, through which they reached an agreement to resolve all claims in the litigation. *See* Dkt. 78. The Parties signed a Settlement Agreement on June 16, 2023. Dkt. 78-1.

On June 28, 2023, the Court preliminarily approved the Parties' Settlement Agreement. Dkt. 79. Following the Court's preliminary approval Order, the settlement administrator sent Notice of the settlement to the Rule 23 Class members. The Notice specifically set forth the amountof attorneys' fees and expenses to be paid to Class Counsel under the Settlement Agreement. Second Declaration of Molly A. Elkin (hereinafter, "Elkin Decl."), ¶ 24. *See also* Dkt. 78-3. No Class Member objected to the requested attorneys' fees or expenses. *Id.*

## II. CLASS COUNSEL ARE ENTITLED TO A REASONABLE FEE EQUAL TO ONE-THIRD OF THE SETTLEMENT FUND

### A. The Trend in the Second Circuit is to Apply the Percentage of the Fund Method in Awarding Attorneys' Fees in Common Fund Cases

"In wage and hour class action lawsuits, public policy favors a common fund attorneys' fee award." *Beckman v. KeyBank, N.A.,* 293 F.R.D. 467, 477 (S.D.N.Y. 2013). "Fee awards in wage and hour cases are meant to encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Id.* (quoting *Sand v. Greenberg,* 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010)). "The FLSA and state wage and hour statutes are remedial statutes, the purposes of which are served by adequately compensating attorneys who protect wage and hour rights." *Id.*

The trend in the Second Circuit for awarding attorneys' fees in a case that results in a common settlement fund is the "percentage of the fund method," rather than the lodestar method. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 121 (2d Cir. 2005). *See also McDaniel v. Cty. of Schenectady,* 595 F.3d 411, 417 (2d Cir. 2010). As the Second Circuit recognizes, the percentage of the fund method "directly aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of litigation." *Wal-Mart Stores,* 396 F.3d at 121 (quoting *In re Lloyd's Am. Trust Fund Litig.,* 2002 WL 31663557, at *25

2

(S.D.N.Y. Nov. 26, 2002)). "In contrast, the lodestar create[s] an unanticipated disincentive to early settlements, tempt[s] lawyers to run up their hours, and compel[s] district courts to engage in a gimlet-eyed review of line-item fee audits." *Id.* (internal quotations omitted). Moreover, the percentage of the fund method "preserves judicial resources because it relieves the court of the cumbersome, enervating, and often surrealistic process of evaluating fee petitions." *Johnson v. Brennan*, 2011 WL 4357376, at *15 (S.D.N.Y. Sept. 16, 2011); *see also Davenport v. Elite Model Mgmt. Corp.,* 2014 WL 12756756, at * 10 (S.D.N.Y. May 12, 2024) (quoting *Johnson*).

Notably, a request for a percentage of the fund award equal to one-third of the common fund is "consistent with the norms of class litigation in this circuit." *Gilliam v. Addicts Rehab. Ctr. Fund,* 2008 WL 782596, at *5 (S.D.N.Y. Mar. 24, 2008). *See also Beckman,* 293 F.R.D. at 477-82 (awarding attorneys' fees equal to one-third of the $4.9 million settlement); *Aponte v. Comprehensive Health Mgmt., Inc.,* 2013 WL 1364147, at *5-7 (S.D.N.Y. Apr. 2, 2013) (awarding attorneys' fees equal to one-third of $6.5 million settlement fund in misclassification case); *Mohney v. Shelly's Prime Steak, Stone Crab & Oyster Bar,* 2009 WL 5851465, at *5 (S.D.N.Y. Mar. 31, 2009) (awarding attorneys' fees equal to one-third of $3.265 million settlement fund, noting that "Class Counsel's request for 33% of the Settlement Fund is typical in class action settlements in the Second Circuit").

### B. The Six *Goldberger* Factors Support an Attorneys' Fee Award of One-Third of the Settlement Fund

When determining if a requested settlement award of attorneys' fees is reasonable, district courts in the Second Circuit are to be "guided by the traditional criteria in determining a reasonable common fund fee, including: (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation…; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." *Goldberger*

3

*v. Integrated Resources, Inc.,* 209 F.3d 43, 50 (2d Cir. 2000). As set forth below, all of these factors weigh in favor of approving the requested fee award.

### 1. *The Time and Labor Expended by Counsel*

Class Counsel spent significant effort to achieve this settlement over the 2.5-year span of the litigation. As evidenced by the detailed billing records attached to the Second Declaration of Molly A. Elkin, Class Counsel spent a total of 807 hours on this litigation. Elkin Decl., ¶ 20. To date, the work performed but for which they have not been compensated includes: (1) interviewing witnesses and selecting a class representative; (2) preparing and filing the complaint; (3) engaging in mandatory mediation; (4) engaging in extensive written discovery; (5) taking and defending depositions; (6) briefing the class action certification motion; (7) analyzing pay records and other records of Plaintiff and Class Members; (8) participating in extensive settlement discussions; (9) preparing and circulating a detailed mediation and damages model; (10) participating in a face-to-face mediation facilitated by a private mediator; (11) preparing and drafting settlement papers including motions for preliminary approval and for final approval; (12) addressing claims of self-reporters and negotiating a resolution of their claims; and (13) overseeing the Claims Administrator in the administration of the Settlement and the issuance of notice. *Id.* ¶ 12. Class Counsel will also spend additional time continuing to administer the Settlement and in preparing for and attending the Final Fairness Hearing on October 19, 2023. *Id.* Thus, the time and effort expended by Class Counsel, as well as the time and effort still to be expended going forward, supports the instant fee request. *Beckman,* 293 F.R.D. at 479; *Reyes v. Altamarea Grp., LLC,* 2011 WL 4599822, at *8 (S.D.N.Y. Aug. 16, 2011) ("The fact that Class Counsel's fee award will not only compensate them for time and effort already expended, but for time that they will be required

to spend administering the settlement going forward also supports their fee request" of 33% of the fund).

### 2. The Magnitude and Complexities of the Litigation

"The size and difficulty of the issues in a case are significant factors to be considered in making a fee award." *Beckman,* 293 F.R.D. at 479. *See also In re Prudential Sec. Inc. Ltd. P'ship Litig.,* 912 F. Supp. 97, 100 (S.D.N.Y. 1996). As this Court has explained, "[a]mong FLSA cases, the most complex type is the 'hybrid' action brought here, where state wage and hour violations are brought as an 'opt out' class action pursuant to Rule 23 in the same action as the FLSA 'opt in' collective action pursuant to 29 U.S.C. § 216(b)." *Manley v. Midan Rest. Inc.,* 2017 WL 1155916, at *9 (S.D.N.Y. Mar. 27, 2017) (quoting *Siler v. Landry's Seafood House-North Carolina, Inc.,* 2014 WL 294576, at *9 (S.D.N.Y. Jun. 30, 2014)).

Further, there were multiple legal and factual issues at play in this hybrid action, including Defendant's exemption defense, its defense to an award of liquidated damages, whether Plaintiff could prove that Defendant knew or should have known that class members were working unpaid overtime, proving the extent of the class members' damages on a class-wide basis, and whether Plaintiff and the Class were entitled to damages on their wage statement claims. This settlement resolves all claims advanced in the litigation on a class-wide basis. Thus, this factor weighs in favor of approval of the fee award. *See Manley,* 2017 WL 1155916 at *9 (settlement resolving claims of 275 Rule 23 class members and "tak[ing] into account the various circumstances presented" favors a fee award).

### 3. The Risk of the Litigation

"The most salient [risk considered under this factor] is the attorneys' risk in accepting a case on a contingency fee for, as the Second Circuit has noted '[n]o one expects a lawyer whose

compensation is contingent upon his success to charge, when successful, as little as he would charge a client who in advance had agreed to pay for his services, regardless of success.'" *In re Nissan Radiator/Transmission Cooler Litig.,* 2013 WL 4080946, at *16 (S.D.N.Y. May 30, 2013) (Briccetti, J.) (quoting *In re Giant Interactive Grp., Inc. Sec. Litig.,* 279 F.R.D. 151, 164 (S.D.N.Y. 2011)). Further, "uncertainty that an ultimate recovery will be obtained is highly relevant in determining the reasonableness of an award." *Johnson,* 2011 WL 4357376 at *17 (quoting *City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 470 (2d Cir.1974), *abrogated by Goldberger*). "[D]espite the most vigorous and competent of efforts, success is never guaranteed." *Taft v. Ackermans,* 2007 WL 414493, at *10 (S.D.N.Y. Jan. 31, 2007).

Class Counsel undertook this case on a contingency fee basis, so have not yet been paid for any of the significant work they have performed since filing the Complaint in February 2021. Elkin Decl., ¶ 12. This work includes, but is not limited to, substantial time and risk in seeking class certification. Although Plaintiff was ultimately successful (Dkt. 72), as the Court has noted, courts in this District regularly deny Rule 23 motions in misclassification cases. *Beckman,* 293 F.R.D. at 480 (collecting cases). Additionally, the parties had not yet filed motions for summary judgment, but at the time of settlement were preparing to do so. Although Plaintiff is confident in her claims and those of the Class, Plaintiff nevertheless faced the risk of losing at summary judgment or trial.

Therefore, given that Class Counsel "have carried the risks of this litigation since its inception," particularly given the contingent nature of the fee and the additional risks of succeeding at summary judgment and trial, and that Class Counsel had no guarantee of any recovery whatsoever, this factor weighs in favor of the fee award. *In re Nissan,* 2013 WL 4080946, at *16; *In re Giant Interactive Grp., Inc., Sec. Litig.,* 279 F.R.D. 151, 164 (2011).

### *4. The Quality of Representation*

"To determine the 'quality of the representation,' courts review, among other things, the recovery obtained and the backgrounds of the lawyers involved in the case." *Tiro v. Pub. House Invs., LLC*, 2013 WL 4830949, at *14 (S.D.N.Y. Sept. 10, 2013); *Johnson,* 2011 WL 4357376 at *18. Here, Plaintiff and the Class are represented by experienced labor and employment counsel, whose practices focus on wage and hour multi-plaintiff and class action litigation. Elkin Decl., ¶¶ 2, 3, 5-7; Dkts. 43-45. Class Counsel have invested significant time and resources into the litigation. *Id*. Class Counsel have regularly served as class counsel or lead counsel in multi-plaintiff wage and hour overtime actions, including many cases involving exemption and misclassification issues. *Id.* Additionally, "[t]he quality of opposing counsel is also important in evaluating the quality of Class Counsel's work," *Tiro,* 2013 WL 4830949 at *14, and Defendant was vigorously represented by Ogletree Deakins, a respected nationwide management-side law firm focusing exclusively on labor and employment matters. Finally, the recovery obtained, as discussed more fully in the parties' joint motion for final approval of the settlement agreement, filed contemporaneously, was excellent, with the average award (after all attorneys' fees, expenses, settlement administration fees, and service award) being close to $14,000.00 per class member. Accordingly, this factor weighs in favor of the requested fees.

### *5. The Requested Fee in Relation to the Settlement*

Here, Class Counsel requests a fee of $1,416,666.67—equal to one-third of the settlement fund of $4,250,000.00. Dkt. 78-1. This amount is "consistent with the norms of class litigation in this circuit," particularly with respect to settlements of a similar size and does not result in a windfall to Class Counsel. *Beckman,* 293 F.R.D. at 481 (awarding attorneys' fee of 33% of $4.9 million settlement, noting that this amount does not result in a windfall). *See also Solis v. OrthoNet*

*LLC,* 2021 WL 2678651, at *4 (S.D.N.Y. Jun. 30, 2021) (collecting cases awarding attorneys' fees equal to one-third of the settlement fund); *Puglisi v. TD Bank, N.A.,* 2015 WL 4608655, at *1 (E.D.N.Y. Jul. 30, 2015) (granting Class Counsel's fee petition, awarding attorneys' fees equal to one-third of $9.9 million class settlement fund); *Hernandez v. Merrill Lynch & Co., Inc.*, 2013 WL 1209563, at *8 (S.D.N.Y. Mar. 21, 2013) ("Class Counsel's request for 33% of the Fund [$2,310,000] is reasonable and consistent with the norms of class litigation in this circuit."); *Fogarazzo v. Lehman Bros., Inc.,* 2011 WL 671745, at *3 (S.D.N.Y. Feb. 23, 2011) (awarding fee equal to one-third of $6.75 million settlement); *Clark v. Ecolab, Inc.* 2010 WL 1948198, at *8–9 (S.D.N.Y. May 11, 2010) (awarding 33% of $6 million settlement fund in FLSA and multi-state wage and hour case); *Mohney v. Shelly's Prime Steak, Stone Crab & Oyster Bar,* 2009 WL 5851465, at *5 (S.D.N.Y. Mar. 31, 2009) (awarding counsel 33% of $3.265 million settlement fund). Notably, the Second Circuit has held that "[a]n allocation of fees by percentage should ... be awarded on the basis of total funds made available whether claimed or not." *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 437 (2d Cir. 2007). Thus, this weighs in favor of approving the requested fee.

### 6. Public Policy Considerations

"Class actions are also an invaluable safeguard of public rights." *Tiro,* 2103 WL 4830949 at *15. "Public policy favors reasonable attorney fee awards to encourage attorneys to prosecute merit-based class actions on a contingent fee basis." *In re Nissan,* 2013 WL 4080946 at *17 (citing *Goldberger*). Notably, the Second Circuit and district courts "have taken into account the social and economic value of class actions, and the need to encourage experienced and able counsel to undertake such litigation." *Davenport,* 2014 WL 12756756 at *13 (quoting *In re Sumitomo Copper Litig.,* 74 F. Supp. 2d 393, 399 (S.D.N.Y. 1999). The FLSA and NYLL "are remedial statutes

8

designed to protect workers," and the remedial purpose of those statutes is furthered by ensuring adequate compensation for attorneys who protect those rights. *Id. See also Beckman,* 293 F.R.D. at 481. Here, because Class Counsel negotiated a settlement that resulted in significant monetary compensation for all Class Members, this factor weighs in favor of granting the instant fee request.

### III. A LODESTAR CROSS-CHECK FURTHER SUPPORTS THE REQUESTED ATTORNEYS' FEE

"The trend in the Second Circuit is to apply the percentage method and loosely use the lodestar method as a baseline or as a cross check." *Solis,* 2021 WL 2678651, at *4 (quoting *Sanchez v. Kambousi Rest. Partners, LLC*, 2016 WL 11717104, at *7 (S.D.N.Y. Sept. 14, 2016)). *See also Goldberger,* 209 F.3d at 50 (where the percentage of the fund method is used, the Second Circuit "encourage[s] the practice of requiring documentation of hours as a 'cross check' on the reasonableness of the requested percentage"). To apply the cross check, the lodestar is determined by multiplying the hours reasonably expended by a reasonably hourly rate. *Solis,* 2021 WL 2678651, at *4; *Henry v. Little Mint, Inc.,* 2014 WL 2199427, at *16 (S.D.N.Y. May 23, 2014). Notably, however, the Court has cautioned that when calculating the lodestar for cross check purposes, the "hours documented by counsel need not be exhaustively scrutinized by the district court." *Goldberger,* 209 F.3d at 50. *See also Bryant v. Potbelly Sandwich Works, LLC*, 2019 WL 1915298, at *19 (S.D.N.Y. 2020).

Here, the lodestar cross check supports the requested fee award of one-third of the settlement fund. Multiplying the hourly rates utilized here by the hours of work performed results in a lodestar (through October 5, 2023) of $432,043.50. Elkin Decl., ¶ 23. This reflects a lodestar multiplier of 3.28 which is well within the range of lodestar multipliers awarded by courts in this Circuit. "Courts in this Circuit regularly award lodestar multipliers from two to six times lodestar with some courts approving fee requests that are up to eight times the lodestar, and in some cases,

even higher...." *Bryant,* 2020 WL 563804, at *19 (quoting *Beckman,* 293 F.R.D. at 481). Further, where a lodestar cross check is applied, courts consider "whether a multiplier is warranted based on factors such as (1) the contingent nature of the expected compensation for services rendered; (2) the consequent risk of non-payment viewed as of the time of filing the suit; (3) the quality of representation; and (4) the results achieved." *Henry*, 2014 WL 2199427, at *16; *In re Boesky Secs. Litig.*, 888 F. Supp. 551, 562 (S.D.N.Y. 1995). As set forth above in Section II, Class Counsel zealously and skillfully litigated this class action with no guarantee of success and in response to the Defendant's vigorous defense. Moreover, Plaintiff achieved an outstanding degree of success in recouping millions of dollars of unpaid overtime wages on behalf of the Class. Under these circumstances, a 3.28 multiplier is appropriate and consistent with—if not at the lower end of— attorneys' fee awards in this Circuit. *See, e.g., Beckman,* 293 F.R.D. at 481; *In re Lloyd's Am. Trust Fund Litig.,* 2002 WL 31663577, at *27 (S.D.N.Y. Nov. 26, 2002) (remarking that the requested 2.09 multiplier "is at the lower end of the range of multipliers awarded by courts in the Second Circuit"); *Maley v. Del Global Tech. Corp.,* 186 F. Supp. 2d 358, 371 (S.D.N.Y. 2002) (approving fees equal to one-third, noting a "modest multiplier on 4.65 is fair and reasonable").

### IV.    CLASS COUNSEL IS ENTITLED TO REIMBURSEMENT OF EXPENSES

Class Counsel also request the payment of expenses incurred by them in connection with the prosecution of this case in the amount of $23,917.47, while their actual expenses through October 5, 2023, equal $25,253.65. Elkin Decl., ¶¶ 22. The FLSA and NYLL both provide for an award of costs, in addition to fees, to a prevailing plaintiff. 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198, 663(1). Further, "[c]ourts typically allow counsel to recover their reasonable out-of-pocket expenses." *Tiro,* 2013 WL 4830949, at *16. Indeed, it is well established that an award of attorneys' fees under a fee shifting statute such as the FLSA also includes an award of the out-of-

pocket costs incurred in sustaining the litigation, including copying costs, telephone charges, travel expenses, etc., as a customary part of attorneys' fees for professional services. *Missouri v. Jenkins*, 491 U.S. 274, 285-89 (1989); *Davenport,* 2014 WL 12756756, at *14 ("Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they were incidental and necessary to the representation of those clients.") (quoting *Mitland Raleigh-Durham v. Myers,* 840 F. Supp. 235, 239 (S.D.N.Y. 1993)).

Here, all of the expenses sought were necessarily incurred in the preparation and presentation of this complex class litigation. Elkin Decl. ¶ 22. Also, no Class Member objected to the request for reimbursement of expenses. *Id.* ¶ 24. Accordingly, the Court should award Class Counsel reimbursement of the litigation expenses provided for in the parties' Settlement Agreement.

## V.    CONCLUSION

Plaintiffs respectfully request that this Court grant their unopposed Motion and enter an Order approving the Settlement Agreement inclusive of an award of attorneys' fees in the amount of $1,416,666.67, equal to one-third of the settlement fund, and $23,917.47 in expenses.

Dated: October 12, 2023                                              Respectfully submitted,

*/s/ Molly A. Elkin*
Molly A. Elkin
Sarah M. Block
MCGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., N.W., Suite 1000
Washington, DC  20005
Tel.: (202) 833-8855
Fax: (202) 452-1090
mae@mselaborlaw.com
smb@mselaborlaw.com

Jack Siegel
SIEGEL LAW GROUP PLLC
5706 E Mockingbird Lane, Suite 115

Dallas, Texas 75206
Tel.: (214) 790-4454
jack@siegellawgroup.biz

Travis M. Hedgpeth
THE HEDGPETH LAW FIRM, PC
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
Tele.: (281) 572-0727
travis@hedgpethlaw.com

*Counsel for Plaintiff and the Class*

# CERTIFICATE OF SERVICE

This is to certify that on October 12, 2023, the foregoing document and exhibits were filed with the Court through the Court's CM/ECF filing system, which will serve copies on the following counsel for Defendant:

Evan B. Citron
Jamie Haar
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
599 Lexington Ave., 17th Floor
New York, NY 10022
Phone: (212) 492-2068
Fax: (212) 492-2501
evan.citron@ogletreedeakins.com
jamie.haar@ogletreedeakins.com

                                                */s/ Molly A. Elkin*
                                                Molly A. Elkin